UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


DEBRA  COOK                                    )
                                               )
v.                                             )              NO. 2:05-CV-109
GENERAL ELECTRIC                               )
                                               )


## <u>MEMORANDUM  OPINION</u>

This plaintiff's discrimination complaint is before the Court to address

the motion for summary judgment filed by the defendant and the motion to strike

the affidavit of Joe Keenan. [Docs. 31and 58].

The plaintiff filed this complaint after having been denied various

promotions during the course of her employment with the defendant, General

Electric ("GE").  Additionally, the plaintiff alleges that in late March, 2004, she

was demoted from her position of payroll administrator/administrative assistant to

a split  position in which she spends a portion of her working hours in her former

office position at the same rate of pay, and spends a portion of her hours in the

plant as an equipment operator at a reduced rate of pay.  Plaintiff avers that each of

her denials for promotions and her subsequent demotion are as a result of her age

and sex in violation of the Age Discrimination and Employment Act ("ADEA"),

29 U.S.C. § 621 *et seq*., the Tennessee Human Rights Act ("THRA"), *Tenn. Code Ann*. § 4-21-101 *et seq*., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. Plaintiff alleges that male employees in the same split positions as the plaintiff were paid at a higher rate of pay than female counterparts in violation of the Equal Pay Act, 29 U.S.C. § 206(d). Finally, the plaintiff has alleged a state law claim for intentional infliction of emotional distress.

The most recent application made by the plaintiff for a promotion was in 2003 for the position of human resources manager. That position was awarded to another candidate and that candidate began working in the position on August 4, 2003. The plaintiff filed her employment discrimination claim with the Tennessee Human Rights Commission ("THRC") on September 13, 2004, and the complaint was also assigned an EEOC number on that date. Following the issuance of a right to sue letter, the plaintiff's complaint was timely filed in the Circuit Court for Hamblen County, Tennessee on March 10, 2005, and then removed to this Court.

**Standard of Review**

Summary judgment is appropriate when "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a

light most favorable to the non-moving party. A court may grant summary

judgment when the record taken as a whole could not lead a rational trier of fact

to find for the non-moving party. Once the moving party has proved that no

material facts exist, the non-moving party must do more than raise a

metaphysical or conjectural doubt about issues requiring resolution at trial.

*Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations

omitted).

In accordance with long standing summary judgment principles, this

Court must construe the evidence in this record most favorably for the plaintiff

because she is the litigant opposing summary judgment. *E.g., Matsushita Elec.

Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986);  *Scott v. Clay

County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in

*Scott*,

> "Credibility determinations, the weighing of the evidence, and the
> drawing of legitimate inferences from the facts are jury functions, not
> those of a judge.... The evidence of the non-movant is to be believed, and
> all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty
> Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation
> omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S.
> 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31
> F.3d 375, 378-79 (6th Cir.1994).  (emphasis added)

Id. at 871.

**Statute of Limitations**

GE contends that all of plaintiff's "failure to promote" claims are time barred. More specifically, GE contends that plaintiff's claims accrued, at the latest, on April 4, 2003, and that she did not file any of her claims in a timely fashion.

In order to assert a claim under Title VII, the charge of employment discrimination must be filed directly with the EEOC within 180 days of the alleged discriminatory event. 42 U.S.C. § 2000(e)-5(e). Alternatively, a plaintiff can file the complaint with the THRC within 240 days from the day of the alleged discriminatory event. *Tenn. Code Ann*. §§ 4-21-104 – 4-21-401, 42 U.S.C. § 2000(e)-5(c) and (e). Each of the events giving rise to the plaintiff's failure to promote claims occurred more than 240 days prior to the filing of her Tennessee Human Rights Commission complaint on September 13, 2004. The most recent discriminatory event alleged as to a denial of promotion occurred on August 4, 2003, the date on which the candidate hired for the position began work, more than one year prior to the filing of her THRA complaint.

An ADEA claim must be filed with the EEOC within 300 days of the alleged discriminatory action. 29 U.S.C. § 626(d). Again, the plaintiff's latest possible date for the accrual of an action for a failure to promote was August 4,

2003, which occurred more than 300 days prior to the filing of her THRC complaint.

Claims for discrimination under the THRA must be filed within one year of the accrual of the claim. *Tenn. Code Ann.* § 4-21-311(d). Clearly, the plaintiff's most recent failure to promote claim, as discussed above, occurred more than one year prior to the September 13, 2004 filing of her Tennessee Human Rights Commission complaint.

The plaintiff argues that the failures to promote were part of ongoing actions which tolled the statute of limitations. However, the Supreme Court has specifically rejected this argument in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). In *Morgan*, the Court held that discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. *Id.* at 114. The Court went on to recognize that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination in each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.*

Additionally, the *Morgan* Court addressed the plaintiff's argument that the statute of limitations should be equitably tolled in this case, recognizing that equitable tolling is to be applied sparingly. The plaintiff has presented nothing extraordinary about this case which would justify an equitable tolling of the statute of limitations. For these reasons, the plaintiff's claims for failure to promote in violation of Title VII, the THRA and the ADEA will be **DISMISSED**.

## Hostile Work Environment

The plaintiff asserts that she was subjected to a hostile work environment which, as a continuing violation, would not be barred by the statute of limitations. She specifically argues that GE's conduct is "part of one unlawful employment practice" and, as such, an exception to the *Morgan* rule. *Morgan*, 536 U.S. at 118. GE responds that the plaintiff failed to raise claims of hostile work environment in her complaint, and may not now do so. Alternatively, the defendant argues that the plaintiff did not raise a hostile work environment claim in her THRA complaint, and that any claim of hostile work environment raised in her complaint before this Court must be dismissed.

While inartfully pled, the plaintiff's complaint before this Court does make reference to "the hostile work environment created by the employees of

defendant GE."  However, the reference is made only in the section of the complaint entitled "Count Five-Extreme and Outrageous Conduct and Infliction of Emotional Distress."  Giving the plaintiff the benefit of the doubt, the Court will presume that she intended to raise a claim for hostile work environment under Title VII and the THRA.  Nevertheless, a reading of the plaintiff's complaint before the Tennessee Human Rights Commission reflects no such reference to a hostile work environment,  but instead focuses solely upon the discrete acts of discrimination alleged by the plaintiff.  Therefore, even assuming that the plaintiff has raised a hostile work environment claim in her complaint before this Court, the complaint exceeds the scope of her complaint before the Tennessee Human Rights Commission, and therefore, this claim must be **DISMISSED** as well.  *George v. Aventis Pharmaceutical, Inc.*, 252 F. Supp. 2d 599, 604 (W.D. Tenn. 2003) (citing *Ang v. Procter and Gamble Co.*, 932 F. 2d 540, 546 (6th Cir. 1991).

## Reassignment

In analyzing the plaintiff's claims for age and sex discrimination regarding her reassignment to the split shift position, the Court must address each of the claims under the same framework which is utilized for determining claims under Title VII, the ADEA, and the THRA.  *Bullion v. Ford Motor Co.*, 60 F. Supp. 2d 765, 767 (M.D. Tenn. 1999); *Browning v. Rohm and Haas Tennessee,*

*Inc.*, 16 F. Supp. 2d 896, 904 (E.D. Tenn. 1998).

The plaintiff may prove that her reassignment was based upon discrimination through either direct or circumstantial evidence of disparate treatment. "Direct evidence 'is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" *Weberg v. Franks*, 229 F. 3d 514, 522 (6th Cir. 2000). Once a plaintiff has produced sufficient direct evidence of discrimination, the employer takes on the burden of showing that it would have taken the adverse employment action absent any discriminatory motive. *Id.* The plaintiff has offered the affidavit of Joe Keenan, the former Environmental Health and Safety Manager of GE Morristown's plant, who worked closely with the Human Resources Manager during the time of Mr. Keenan's employment, Brian Fischer. Mr. Keenan indicates that on a number of occasions Mr. Fischer explained that GE "legal" would not permit Ms. Cook's termination, and that he demoted Ms. Cook to push her out of the company. Mr. Keenan testified that Mr. Fischer referenced Ms. Cook's age and gender, as well as her physical condition, indicating that she would not be able to handle the physical demands of the position to which she had been assigned and that he would then be permitted to fire her.

The defendant has filed a motion to strike Mr. Keenan's affidavit

alleging that the affidavit contains hearsay, is not made of his personal knowledge, and contains irrelevant statements. The Court need only address this motion as it relates to those statements regarding Ms. Cook's demotion. The defendant points out that Mr. Keenan only began working for GE nearly a year after Ms. Cook's reassignment. The defendant argues that this reflects that the affidavit is not made of Mr. Keenan's personal knowledge. It is not unimaginable that Mr. Fischer may have discussed with Mr. Keenan his motivation in changing Ms. Cook's position. Further, as a management level employee of GE, Mr. Fischer's statements are not considered hearsay. Accordingly, it is clear to the Court, at least as to the statements pertinent to this summary judgment determination, Mr. Keenan's statements are made of his personal knowledge and are not hearsay. Certainly the fact that Mr. Keenan did not work for GE at the time that Ms. Cook's position was changed could have some bearing on Mr. Keenan's credibility. However, during the summary judgment phase, this Court is not in a position to weigh the credibility of witnesses. Accordingly, the defendant's motion to strike the affidavit of Joe Keenan will be **DENIED**.

Based upon the affidavit of Mr. Keenan, the Court is of the opinion that Ms. Cook has set forth sufficient direct evidence of discrimination with regards to the reassignment. Accordingly, the burden shifts to the defendant to

prove that it would have changed Ms. Cook's position otherwise. The defendant has submitted such proof, indicating that due to economic pressures and Ms. Cook's former administrative position not requiring a full work week, Ms. Cook was assigned to the split position. Thus, the burden shifts back to the plaintiff to show that the defendant's reason for the adverse employment action is pretext for unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S.792, 804 (1973). The plaintiff can "demonstrate pretext by showing that [GE's] proffered reason (1) has no basis in fact, (2) did not actually motivate [GE's] challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F. 3d 1016, 1021 (6th Cir. 2000). The same statements which provide direct evidence of discrimination also provide evidence that the proffered reasons for the negative employment actions were pretext for discrimination. Those statements provide a material dispute of fact as to whether the defendant's proffered reasons for the adverse employment action were actually the motivating factors or if the motivating factor was actually an effort to force Ms. Cook to either quit or cause her performance to be so lacking as to justify her termination. For this reason, the defendant's motion for summary judgment as to Ms. Cook's claims under Title VII, the ADEA, and THRA as they relate to her reassignment will be **DENIED**.

**Equal Pay Act**

        In order for the plaintiff to establish a *prima facie* case of wage discrimination under the Equal Pay Act, the plaintiff must establish that the defendant paid employees of one sex less than employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions . . ." 29 U.S.C. § 206(d)(1). The jobs need not be precisely equally, but there need be only "substantial equality of skill, effort, responsibility and working conditions." *Odomes v. Nucare, Inc.*, 653 F. 2d 246, 250 (6th Cir. 1981).

        In an effort to establish her *prima facie* case, the plaintiff points to only one other employee, a male employee who also performed work in a split position. That employee, Earl Carpenter, however, is not similarly situated to the plaintiff. Mr. Carpenter's position involves being a set-up equipment operator and an inspector of process control. While Mr. Carpenter is paid at the higher rate for both his positions, his position is considered critical to the defendant, in that if his job were not performed, it would cause the plant to shut down. It is undisputed the defendant does not consider any administrative positions to be critical. Thus, it is clear that Mr. Carpenter is not similarly situated to plaintiff whereby a difference in

their rates of pay is sufficient to establish a *prima facie* case under the Equal Pay Act.  Further, the plaintiff points to no other employees performing either the administrative functions which she performed which were paid at a  higher rate of pay, or any male employees performing the type of work she performed in the plant receiving a higher rate of pay.  For these reasons, the plaintiff's Equal Pay Act claim will be **DISMISSED**.

## State Law Tort – Intentional  Infliction  of  Emotional  Distress

The plaintiff's state law claim for intentional infliction of emotional distress is a tort action subject to the Tennessee one year statute of limitations. *George*, 252 F. Supp. 2d at 607.  The only event complained of in the plaintiff's complaint within one year of the filing of that complaint on March 10, 2005 is the change in the plaintiff's position to the dual administrative/operator position.

In order to establish a claim for intentional infliction of emotional distress, plaintiff must establish conduct which was intentional or reckless, or so outrageous as to not be tolerated by a civilized society, resulting in serious mental injury.  *Bain v. Wells*, 936 S.W. 2d 618, 622 (Tenn. 1997).  Recovery for intentional infliction of emotional distress should only be found where "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim,

'outrageous.'" *Id.* at 623.

The plaintiff submits that demotion of the plaintiff in an effort to "push her out," is so outrageous as to support a claim for intentional infliction of emotional distress. Even assuming that this is correct, the plaintiff points to no injury that she has suffered. In fact, the plaintiff does not even address this in her brief. To the contrary, the defendant points out that the plaintiff testified that her co-workers have been excellent, and she has never sought counseling or medical assistance for her distress. For these reasons, the plaintiff's claim of intentional infliction of emotional distress must be **DISMISSED**.

Finally, the plaintiff has conceded that her claim for violation of the Tennessee Handicap Act should be **DISMISSED**.

An order consistent with this opinion shall enter.


ENTER:

                                          s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE